1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   GILBERTO SANTILLAN,                 Case No. CV 14-0335 AB (SSx)

12                    Plaintiff,
                                         **ORDER DENYING DEFENDANT'S**
13        v.                             **MOTION TO COMPEL DISCOVERY AS**
                                         **UNTIMELY**
14   USA WASTE OF CALIFORNIA, INC.,
     et al.,                             **[Dkt. No. 90]**
15
                     Defendants.
16

17

18                              **I.**

19                         **INTRODUCTION**

20

21        On March 1, 2019, Defendant USA Waste of California, Inc.

22   filed a Motion to Compel Discovery from Plaintiff Gilberto

23   Santillan. (Dkt. No. 90). The Parties filed a Joint Stipulation

24   in connection with the Motion pursuant to Local Rule 37-2, ("Jt.

25   Stip."), including the declaration of Adam R. Rosenthal in support

26   of the Motion, ("Rosenthal Decl."), the declaration of Louanne

27   Masry in opposition to the Motion, ("Masry Decl."), and Plaintiff's

28   Objections   to   certain   exhibits   attached   to   Rosenthal's

declaration.[1]  (Dkt. No. 91).  On March 12, 2019, Defendant filed a Supplemental Memorandum.[2]  ("D Supp. Memo.," Dkt. No. 92).

The Court held a hearing on March 26, 2019.  For the reasons stated below and on the record at the hearing, the Motion is DENIED as untimely.

## II.

### PROCEDURAL HISTORY

Plaintiff filed a wrongful termination action in state court on December 4, 2013.  On January 15, 2014, Defendant removed the action to federal court, and the Parties engaged in discovery. (Dkt. No. 1).  The Scheduling Order issued by then-presiding District Judge Collins set September 30, 2014 as the fact discovery cut-off.  (Dkt. No. 14 at 1).  The Order explained that the cut-off meant "the last day by which all depositions must be completed and responses to all previously served written discovery must be provided." (Id. at 2) (emphasis omitted).  However, the Order also provided that "[a] deposition commenced at least five (5) days before the cut-off may continue beyond the cut-off date."  (Id.).

The case was transferred from Judge Collins to Judge Birotte on August 12, 2014, approximately six weeks before the fact

---

[1] The Court did not rely on any of Defendant's exhibits to which Plaintiff's Objections are directed.  Accordingly, the Objections are DENIED as MOOT.

[2] Plaintiff did not file a Supplemental Memorandum.

1    discovery cut-off date set by Judge Collins. (Dkt. No. 15). Judge

2    Birotte did not issue a new scheduling order.   Although Judge

3    Birotte modified the cut-off for expert discovery at the Parties'

4    request, (Dkt. Nos. 19-21), the Parties did not request a

5    continuance of the fact discovery cut-off and the Court did not

6    alter the September 30, 2014 deadline.

7

8         On August 20, 2014, Defendant took Plaintiff's deposition.

9    (Rosenthal Decl., Exh. A).   During the deposition, Plaintiff

10   followed his counsel's instruction not to answer when Defendant's

11   counsel asked about Plaintiff's immigration status and ability to

12   lawfully work in the United States.  (Id. at A-7 - A-9).  Defendant

13   challenged the instruction before Magistrate Judge Gandhi in an

14   informal discovery conference that same day.  (Dkt. No. 16).   On

15   August 27, 2014, pursuant to Judge Gandhi's directive, the Parties

16   filed letter briefs addressing whether Plaintiff was required to

17   answer Defendant's immigration status questions.  (Dkt. Nos. 17-

18   18).

19

20        On August 29, 2014, Judge Gandhi issued an order denying

21   Defendant's motion to compel in part as follows:

22

23        The  Court  finds  that  defendant's  termination  of

24        plaintiff centers on whether plaintiff _failed_ to provide

25        the _requisite documentation_ regarding his legal right to

26        work in the United States, not his _actual_ immigration

27        status.

28        . . .

> [T]he Court finds that plaintiff has alleged future
> economic damages of approximately $1 million and
> plaintiff's actual legal right to work in the United
> States may be pertinent to such a calculus.  However, in
> light of the notable burden placed on plaintiff to
> provide such immigration status information, the Court
> believes that such discovery is more apropos following
> resolution of any motion for summary judgment and if
> plaintiff elects to pursue future economic damages at
> trial.

(Dkt. No. 19 at 1) (emphasis in original).  Pursuant to Judge Gandhi's Order, any continued deposition of Plaintiff was to be held at the courthouse.[3]  (Id. at 2).

Defendant filed a motion for summary judgment on November 14, 2014, which the Court granted on January 12, 2015.  (Dkt. No. 31). Plaintiff appealed the adverse decision.  On April 7, 2017, the Ninth Circuit affirmed in part and reversed in part the district court's order, and remanded the case for further proceedings.

---

[3] At the March 26, 2019 hearing, Plaintiff's counsel represented for the first time that after Judge Gandhi's order issued, a follow-up deposition of Plaintiff was held at the courthouse on September 12, 2014, which was within the fact discovery period set by Judge Collins.  According to counsel, Judge Gandhi met with the parties off the record during a break in the deposition, and the subsequent deposition questions reflect the scope of discovery on the immigration status issue that Judge Gandhi deemed permissible. However, the parties' discussion with Judge Gandhi was not recorded, Judge Gandhi did not issue an Order reflecting any findings he may have made during the discussion, and the record before this Court does not include a transcript of the September 12, 2014 deposition.

(Dkt. No. 45).   Plaintiff filed a motion for summary judgment on November 17, 2017, (Dkt. No. 54), which the Court granted in part and denied in part on February 12, 2018.   (Dkt. No. 63). Specifically, the Court granted Plaintiff's motion on the merits of Plaintiff's wrongful termination claim but denied the motion on the issue of damages.   (Id. at 12).   The Order required the Parties to meet and confer regarding "new applicable dates, particularly the final pretrial conference and jury trial dates."   (Id.).

On March 12, 2018, the Parties filed a Status Report in which they informed the Court that they intended to pursue private mediation.   (Dkt. No. 66).   The Court ordered the Parties to submit a follow-up Status Report within thirty days after the mediation, with proposed pretrial dates if the mediation was unsuccessful. (Dkt. No. 67).   More than four months later, on July 26, 2018, the Parties informed the Court that they had scheduled a November 19, 2018 mediation date, a wait of nearly an additional four months. (Dkt. No. 69).   That same day, the Court once again issued an Order requiring the Parties to file a Status Report within thirty days after the mediation, with proposed pretrial and trial dates if the mediation was unsuccessful, and relieving the Parties of any requirement for further Status Reports until after the mediation. (Dkt. No. 70).   Defendant conceded at the hearing that during this eight-month period, the parties did not engage in discovery nor was a motion to compel filed with the Court.   Furthermore, Defendant did not seek an order from the District Judge preserving Defendant's right to take yet another follow-up deposition of

1  Plaintiff on the issue of immigration status for purposes of an
2  eventual damages trial, if the mediation failed.

4      The November 19, 2018 private mediation was unsuccessful.
5  (See Dkt. No. 82 at 3).  On December 18, 2018, Defendant filed a
6  request to substitute in its current counsel, which the Court
7  granted on December 20, 2018.  (Dkt. No. 81).  On January 8, 2019,
8  Defendant's new counsel wrote to Plaintiff's counsel to ask for
9  confirmation that Plaintiff would sit for his continued deposition
10 at an agreed-upon date "at which time Plaintiff will answer
11 questions under oath regarding, inter alia, his immigration status
12 . . . ."  (Rosenthal Decl., Exh. F).  On January 14, 2019,
13 Plaintiff's counsel responded, stating that they would not agree
14 to produce Plaintiff for deposition.  (Id., Exh. G).[4]

16     On February 1, 2019, the Parties filed a revised Joint Status
17 Report Regarding Trial Date and Associated Deadlines in which they
18 stated that "[d]ue to the unique procedural posture of this case,
19 the Parties reserve the right to request additional fact discovery
20 and/or identify additional expert witnesses."  (Dkt. No. 85 at 2).
21 Among other pretrial and trial-related dates, the Parties proposed
22 a new fact discovery cut-off of April 26, 2019, and a new expert
23 discovery cut-off of May 31, 2019.  (Id. at 6).

---

27 [4] Due to the retirement of Magistrate Judge Gandhi, this matter was
   reassigned to the undersigned Magistrate Judge on January 29, 2019.
28 (Dkt. No. 84).

Judge Birotte issued an Order Modifying Scheduling Order on February 14, 2019. The Order flatly rejected the Parties' proposal to continue discovery, including a denial of the requested April 26, 2019 fact discovery cut-off date, stating:

> The Court will not leave open the last date to hear motions to amend pleadings/add parties or the initial and rebuttal expert disclosures deadlines. Nor will the Court accept the parties['] proposed deadlines for the nonexpert discovery cut-off, the expert discovery cut-off, and the last date to hear motions. The Court has already decided two motions for summary judgment in this case and the prior deadlines at issue came and went. The parties fail to demonstrate good cause for extending these deadlines beyond the deadlines originally contemplated by the 2014 Court's Scheduling Order.

(Dkt. No. 89 at 2) (emphasis added). The instant Motion to Compel Discovery seeking additional deposition testimony from Plaintiff followed two weeks later, on March 1, 2019.

## III.

## DISCUSSION

Plaintiff contends that Defendant's Motion is "woefully untimely" because discovery in this case closed in 2014. (Jt. Stip. at 16). Plaintiff further argues that Defendant "has failed to even attempt" to demonstrate the good cause required for a

modification of the scheduling order, and notes that Judge
Birotte's February 14, 2019 Order expressly rejected the proposal
to continue the fact discovery cut-off to the end of April 2019.
(Id. at 17).

Defendant argues that the Motion is not untimely because Judge
Collins' Civil Jury Trial Order "very clearly" provided that a
deposition commenced more than five days before the September 30,
2014 fact discovery cut-off, as was Plaintiff's, "may continue
beyond the cut-off date." (D Supp. Memo. at 2) (quoting Dkt. No.
14 at 2; emphasis omitted). The Court notes that Judge Birotte's
web page contains his standard "Order Setting Scheduling
Conference." In that order, Judge Birotte states that "The
discovery cut-off date is the last day by which all depositions
must be completed, . . . and motions concerning discovery disputes
must be heard. The cut-off date for motions is the last date on
which motions may be **heard**, not filed." (Order Setting Scheduling
Conference,p. 5, ll. 6-12) (http://www.cacd.uscourts.gov/honorable
-andr%C3%A9-birotte-jr). Judge Birotte's interpretation of the
discovery cut-off date must control now that he is the assigned
district judge.

Defendant also maintains that the contention "rings hollow"
that it should have pursued the continuation of Plaintiff's
deposition immediately after Judge Birotte granted summary judgment
in Plaintiff's favor on February 12, 2018. (Id. at 3). According
to Defendant, the Parties were engaged in good faith settlement
negotiations "for most of 2018" and had "agreed to hold off on

8

completing the outstanding depositions" until after the mediation. (Id.). At the hearing, Defendant argued that the informal stay on discovery was intended to further settlement discussions. Defendant also asserts that Plaintiff cannot show that he will be prejudiced by the timing of the discovery or its "nature," i.e., a single brief deposition. (Id.).

Rule 16(b) provides that a Court must enter a scheduling order "as soon as practicable" within time limits set by the Rule. Fed. R. Civ. P. 16(b)(2). Pursuant to the Rule, the scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "The objective of Rule 16 is to expedite and manage the disposition of a particular action." Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998).

As such, once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); see also Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same). As the Ninth Circuit has explained,

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." [Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)]. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural

technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see also L.H. v. Schwarzenegger, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008) ("Rule 16 and the court's scheduling order are not optional directives; the court is bound by them."); Tessera, Inc. v. Sony Corp., 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance.").

Pursuant to this Court's Local Rules, "[a]ny application to modify an order entered pursuant to F. R. Civ. P. 16 shall be made to the judicial officer who entered the order." C.D. Cal. Local Rule 16-14 ("Modification of Scheduling Orders and Pretrial Orders"). Accordingly, the Magistrate Judge lacks authority to order discovery after the deadline set by the District Judge. See Watts v. Allstate Indemnity Co., 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order or to hear untimely discovery disputes); UMG Recordings, Inc. v. Disco Azteca Distribs., Inc., 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the

magistrate judge is not empowered to modify the district judge's scheduling order."). Judge Birotte's February 14, 2019 Order unambiguously provides that discovery in this case is now closed for all purposes and plainly supersedes any prior Order that may have issued in this case pertaining to discovery. As such, Plaintiff's Motion is DENIED, because Judge Birotte expressly denied the opportunity for further discovery in his February 2019 order, and because the Magistrate Judge lacks authority to alter the District Judge's scheduling order.

However, even if the District Judge's order did not restrict the Magistrate Judge's exercise of authority here, the Court would still be inclined to deny the Motion because Defendant has not established that it was diligent. Defendant did not raise this discovery issue for nearly a year after the District Judge's February 12, 2018 summary judgment order left only the issue of damages for trial. Defendant's argument that its failure to depose Plaintiff in 2018 should be excused because the Parties were pursuing good faith settlement discussions is unavailing. The Parties informed the Court in their March 12, 2018 Status Report that "the parties have agreed to attend private mediation." (Dkt. No. 66 at 2). However, the mediation did not take place until November 19, 2018 -- more than eight months later, during which time Defendant did not pursue any discovery. (See Dkt. No. 82 at 3). The record before the Court reflects that Defendant did not approach Plaintiff about taking his continued deposition until January 8, 2019 -- nearly eleven months after the summary judgment order issued. This lengthy delay, during which time Defendant did

not even attempt to follow-up on Plaintiff's deposition, was unreasonable.

The Court recognizes that Defendant's present counsel was not responsible for the delay and that present counsel acted promptly to secure the continuation of Plaintiff's deposition once they entered an appearance. However, Defendant must bear the consequences of its former counsel's decision not to pursue discovery in a timely fashion or to obtain an order from the District Judge before the mediation to allow for a post-mediation follow-up deposition.

Judge Birotte's February 14, 2019 Order controls the outcome here. Defendant, through no fault of present counsel, must now bear the consequences of its lack of diligence.

**IV.**

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Compel Discovery is DENIED as untimely. Because this ruling is dispositive, the Court declines to reach Defendant's substantive arguments.

DATED:  March 27, 2019

                                    /S/
                        SUZANNE H. SEGAL
                        UNITED STATES MAGISTRATE JUDGE