John C. Taylor, State Bar No. 78389
*taylor@taylorring.com*
Louanne Masry, State Bar No. 190559
*masry@taylorring.com*
**TAYLOR & RING**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff
GILBERTO SANTILLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO SANTILLAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>USA WASTE OF CALIFORNIA, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-00335-AB (SSx)<br><br>[Assigned to Hon. Andre Birotte, Jr. and Hon Suzanne H. Segal (Magistrate)]<br><br>**DECLARATION OF PLAINTIFF'S COUNSEL, LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Hearing Date:  May 10, 2019<br>Time:  10:00 a.m.<br>Dept.:  7B<br><br>Discovery Cut-off:  September 30, 2014<br>Pre-trial Conference:  August 23, 2019<br>Trial:  September 10, 2019<br><br>[Plaintiff's Response and Plaintiff's Objections to Declaration of Adam R. Rosenthal  filed concurrently herewith] |

///

///

1

DECLARATION OF LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER

## DECLARATION OF LOUANNE MASRY

I, Louanne Masry, declare as follows:

1.    I am an attorney duly licensed to practice before this Court and am a partner at the law firm of Taylor & Ring, counsel of record for Plaintiff Gilberto Santillan in this matter.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.    This declaration is being provided in support of Plaintiff's Position in Joint Stipulation Re: Defendant's Motion to Compel.

3.    Attached hereto as **Exhibit "1"** is a true and correct copy of pertinent portions of Plaintiff's Responses to Defendant USA Waste of California's ("USA Waste") Special Interrogatories, Set One.  This set of responses includes the respective interrogatories propounded by Defendant.  Special Interrogatories Numbers 8, 9, 10, 11, 12, 13, 14, 15, and 16 specifically request information regarding Plaintiff's efforts to "mitigate" damages.

4.    Attached hereto as **Exhibit "2"** is a true and correct copy of pertinent portions of Plaintiff's Responses to Defendant USA Waste's Requests for Production of Documents, Set One.  This set of responses includes the respective Requests propounded by Defendant.  Requests for Production of Documents Numbers 107, 117, 118, and 119 specifically request documents regarding Plaintiff's efforts to "mitigate" damages.

5.    Attached hereto as **Exhibit "3"** is a true and correct copy of pertinent portions of Plaintiff's Further Responses to Defendant USA Waste's Requests for Production of Documents, Set One.  This set contains Plaintiff's further responses to Defendant's Requests for Production of Documents, Numbers 107 and 119.

6.    Attached hereto as **Exhibit "4"** is a true and correct copy of pertinent portions of Plaintiff's Responses to Defendant USA Waste's Requests for Production of Documents, Set Two.  This set of responses includes the respective Requests propounded by Defendant.  Requests for Production of Documents Numbers 135 and 136 specifically request documents regarding Plaintiff's efforts to "mitigate" damages.

DECLARATION OF LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER

7.     Attached hereto as **Exhibit "5"** is a true and correct copy of pertinent portions of Volume I of the deposition of Plaintiff Gilberto Santillan taken on August 20, 2014.  In the deposition at 32:5-36:11 and 39:1-41:18, Plaintiff was asked numerous questions about his post-termination efforts to find work and post-termination sources of income.  He was also questioned specifically about the list that he had provided in written discovery responses identifying places he had contacted for work. Plaintiff answered all of these "mitigation" questions in detail.

8.     Attached hereto as **Exhibit "6"** is a true and correct copy of pertinent portions of the transcript of Volume II of the deposition of Plaintiff Gilberto Santillan taken on September 12, 2014.  In the deposition at 226:8-19, Plaintiff was asked whether he had looked for new employment since his last deposition session a few weeks earlier. Plaintiff answered that question.  Furthermore, in the deposition at 193:11-13, Plaintiff confirmed the last 4-digits of his social security number.  Three of those digits have been redacted from the attached exhibit for privacy reasons.

9.     Attached hereto as **Exhibit "7"** is a true and correct copy of pertinent portions of the transcript of Volume II of the deposition of Plaintiff Gilberto Santillan taken on September 12, 2014.  At 106:22 and 109:22-23 of the deposition transcript it identifies that Robert Stillwell, law clerk to the Honorable Jay Gandhi, was present at the deposition.  At the end of the questioning of Plaintiff by USA Waste's attorney, Kristen Nesbit, she states at 230:22-24, "All right. I think this might be a good time to take a break and to see if the judge is available."  Ms. Nesbit was referring to Judge Gandhi.  In response to Ms. Nesbit's comment that it was a "good time" to see if Judge Gandhi was available, Mr. Stillwell confirmed that Ms. Nesbit was done with her questioning and, according to the deposition transcript at 231:12-16, a recess was then taken from approximately 3:56 p.m. to 4:52 p.m.  I was present at the deposition on behalf of Plaintiff and it is my recollection that it was during this recess that Judge Gandhi entered the conference room and both Ms. Nesbit and I argued our respective positions to Judge Gandhi regarding questions asked of Plaintiff in the deposition regarding his

DECLARATION OF LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER

immigration status.  Judge Gandhi ordered, to my best recollection, that Ms. Nesbit was permitted to ask questions about documents that were sought by USA Waste regarding his immigration status and other such questions, but it she was not permitted to ask a direct question of Plaintiff's immigration status.  The deposition transcript from 231:18-233:22 are the questions posed by Ms. Nesbit to Plaintiff following the attorneys' conference with Judge Gandhi.  At the conclusion of the deposition at 233:16-17, Ms. Nesbit states that she has "no further questions" and the deposition was concluded.  Ms. Nesbit did not state that she expected the deposition to be continued to another day and did not leave the deposition "open."  It was understood that this was the conclusion of Plaintiff's deposition.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 19th day of April, 2019 at Manhattan Beach, California.

/s/ Louanne Masry
LOUANNE MASRY

4

DECLARATION OF LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER

**EXHIBIT 1**

John C. Taylor, State Bar No. 78389
Louanne Masry, State Bar No. 190559
**TAYLOR & RING, LLP**
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERTO SANTILLAN, an individual,

     Plaintiff,

vs.

USA WASTE OF CALIFORNIA, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,

     Defendants.

CASE NO. CV14-00335-ABC (JCGx)

[Complaint filed: 12/04/2013; Assigned to the Hon. André Birotte Jr., Courtroom 790]

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

PROPOUNDING PARTY:  DEFENDANT, USA WASTE OF CALIFORNIA, INC.

RESPONDING PARTY:  PLAINTIFF, GILBERTO SANTILLAN

SET NO.:     ONE

### PRELIMINARY STATEMENT

This responding party has responded to all of the interrogatories to the extent that information has become known by him. However, this responding party's discovery and investigation in preparation for trial of this matter has not been completed as of the date of these responses to interrogatories and therefore this responding party does not purport

I

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

Special Damages:

Past Loss of Earnings:              Approx. $200,000.

Future Loss of Earnings:            Approx. $982,800.

SPECIAL INTERROGATORY NO. 8:

Please describe any and all efforts you have taken to mitigate your damages.

RESPONSE TO SPECIAL INTERROGATORY NO. 8:

Plaintiff objects that this interrogatory is vague, ambiguous, overbroad, and constitutes an undue burden.  Plaintiff further objects that this interrogatory calls for expert opinion.  Subject to and without waiving said objections, Plaintiff responds as follows:  Plaintiff has applied for jobs at other companies.

SPECIAL INTERROGATORY NO. 9:

IDENTIFY all businesses, organizations, corporations, or other potential employers you have contacted at any time from July 24, 2012, through the present for the purpose of obtaining employment or performing any service for pay.  (For purposes of this Interrogatory only, the term "IDENTIFY" means to provide: (1) the name of the entity contacted; (2) the address of the entity contacted; (3) phone number of the entity contacted; (4) the date the contact was made and (5) the position you applied for.)

RESPONSE TO SPECIAL INTERROGATORY NO. 9 :

Plaintiff objects that this interrogatory is overbroad and constitutes an undue burden. Subject to and without waiving said objections, Plaintiff responds as follows:  A list of companies where Plaintiff applied for jobs was previously provided to Defendant as Exhibit "4" to Plaintiff's Response to Requests for Production, Set One.  In addition, Plaintiff provided this information in his deposition.

///

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

SPECIAL INTERROGATORY NO. 10:

For all businesses, organizations, corporations, or other potential employees you have contacted at any time from July 24, 2012 through the present, for the purpose of obtaining employment or performing any service for pay, state whether or not you received an offer for employment.

RESPONSE TO SPECIAL INTERROGATORY NO. 10 :

Plaintiff objects that this interrogatory is vague and ambiguous. Subject to and without waiving said objections and assuming the term "employees" should have been "employers" in this interrogatory, Plaintiff responds as follows: Plaintiff did not receive any offers of employment.

SPECIAL INTERROGATORY NO. 11:

For each job offer you have turned down since July 24, 2012, IDENTIFY THE ENTITY which offered you the job. (For purposes of this Interrogatory, the term "IDENTIFY THE ENTITY" means to state the company name that made the job offer, the date of the offer, the position and salary offered to you.)

RESPONSE TO SPECIAL INTERROGATORY NO. 11 :

Plaintiff objects that this interrogatory is compound, vague, and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff did not receive any offers of employment.

SPECIAL INTERROGATORY NO. 12:

For each job offer you have turned down since July 24, 2012, state all the reasons for rejecting each job offer.

RESPONSE TO SPECIAL INTERROGATORY NO. 12 :

Plaintiff objects that this interrogatory is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff did not receive any offers of employment.

6

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

SPECIAL INTERROGATORY NO. 13:

IDENTIFY by date, each period of self employment you have had since July 24, 2012.

RESPONSE TO SPECIAL INTERROGATORY NO. 13 :

Plaintiff objects that this interrogatory is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: None.

SPECIAL INTERROGATORY NO. 14:

IDENTIFY all income you have obtained from your self employment since July 24, 2012 through the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 14 :

Plaintiff objects that this interrogatory is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: None.

SPECIAL INTERROGATORY NO. 15:

IDENTIFY all income you have received, since July 24, 2012 through the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 15 :

Plaintiff objects that this interrogatory is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: None.

SPECIAL INTERROGATORY NO. 16:

For the income you have received since July 24, 2012 through the present, please IDENTIFY the entity from whom, or from which, you received the income.

///

///

///

///

///

7

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

RESPONSE TO SPECIAL INTERROGATORY NO. 16 :

Plaintiff objects that this interrogatory is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: N/A.

Date: Sept. 18, 2014

TAYLOR & RING, LLP

By: _____
John C. Taylor
Louanne Masry
Attorneys for Plaintiff

8

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing Plaintiff's Response to Defendant's Special Interrogatories, Set One and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

Executed on 9/18/2014, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Gilberto Santillan
Type or Print Name

Signature

## PROOF OF SERVICE
(Code of Civil Procedure §§ 1011, 1013, 1013a, 2015.5)

STATE OF CALIFORNIA      }     ss.

COUNTY OF LOS ANGELES }

I, Kimberly Oadell-Arian, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action or proceeding; my business address is 10900 Wilshire Boulevard, Suite 920, Los Angeles, California 90024; telephone (310) 209-4100.

On September 19, 2014, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE** on all interested parties in this action

[XX] By placing [XX] the original [XX] a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

[XX] **BY MAIL** as indicated on the attached service list.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FAX** as indicated on the attached service list. A copy of the transmission verification report is attached hereto.

[ ] **BY PERSONAL/HAND SERVICE** as indicated on the attached service list.

[ ] **BY OVERNIGHT DELIVERY** as indicated on the attached service list. A copy of the shipping label is attached hereto.

Executed on September 19, 2014, at Los Angeles, California.

[XX] **(FEDERAL)** I certify that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Kimberly Oadell-Arian

9

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

**Service List**

Christopher J. Boman, Esq.
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
(949) 851-2424
Fax (949) 851-0152
Email cboman@laborlawyers.com

Kristen J. Nesbit, Esq.
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1590
Los Angeles, California 90071
(213) 330-4500
Fax (213) 330-4501
Email knesbit@laborlawyers.com

Attorneys for Defendant, USA WASTE OF CALIFORNIA, INC.

10

PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE

# EXHIBIT 2

John C. Taylor, State Bar No. 78389
Louanne Masry, State Bar No. 190559
**TAYLOR & RING, LLP**
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO SANTILLAN, an individual, | CASE NO. CV14-00335-ABC (JCGx) |
| Plaintiff, | [Complaint filed: 12/04/2013; Assigned to the Hon. Audrey B. Collins] |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| USA WASTE OF CALIFORNIA, INC., a Delaware Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:    DEFENDANT, USA WASTE OF CALIFORNIA, INC.

RESPONDING PARTY:    PLAINTIFF, GILBERTO SANTILLAN

SET NO.:    ONE

### PRELIMINARY STATEMENT

Except for explicit facts stated herein, no incidental and/or implied admissions by Plaintiff is intended by or in any of these responses. The fact that Plaintiff has responded to any Request should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request. The fact that

1

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges. Subject to and without waiving said objections, Plaintiff responds as follows: See Plaintiff's original employment/personnel file which is in the possession, custody, and control of Defendant.

REQUEST NO. 106:

106. Any and all DOCUMENTS which describe, discuss, refer or relate to efforts YOU made to find work during YOUR employment with Defendant, including, but not limited to, employment applications, resumes, correspondence, notes, memoranda and other DOCUMENTS from any prospective employer(s) from which employment was sought regarding interviews, applications, test, offers of employment and rejections of applications of employment.

RESPONSE TO REQUEST NO. 106:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges. Subject to and without waiving said objections, Plaintiff responds as follows: See Plaintiff's original employment/personnel file which is in the possession, custody, and control of Defendant.

REQUEST NO. 107:

107. Any and all DOCUMENTS which describe, discuss, refer or relate to efforts YOU made to find work (including self-employment) since YOUR employment was terminated with Defendant, including, but not limited to, employment applications, resumes, correspondence, notes, memoranda and other DOCUMENTS from any

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

prospective employers from which employment was sought regarding interviews, applications, test, offers of employment, and rejections of applications of employment for other employers.

RESPONSE TO REQUEST NO. 107:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges. Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is in the process of accumulating documents responsive to this request, and will comply with this request.

REQUEST NO. 108:

108. Any and all DOCUMENTS relating to, referring to, or evidencing medical, psychological, and/or psychiatric care and treatment received by YOU during the five years prior to YOUR termination to present, including all medical records and all records pertaining to prescription and non-prescription drugs prescribed for or taken by YOU.

RESPONSE TO REQUEST NO. 108:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates Plaintiff's constitutional right to privacy.

REQUEST NO. 109:

109. Any and all DOCUMENTS, including but not limited to, bills, invoices, or other writings by providers of health care or medical services or products which

57

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

REQUEST NO. 116:

116. Any and all DOCUMENTS which support, evidence, establish or relate to any contention that YOU will require medication, prescription or otherwise.

RESPONSE TO REQUEST NO. 116:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges.

REQUEST NO. 117:

117. Any and all DOCUMENTS, including, but not limited to, paycheck stubs, W-2 forms or other related forms regarding earnings by YOU from employers or self-employment since the last date of YOUR employment with Defendant, up to and including the present.

RESPONSE TO REQUEST NO. 117:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Subject to and without waiving said objections, Plaintiff responds as follows: After a diligent search and reasonable inquiry, Plaintiff currently has no documents responsive to this request.

REQUEST NO. 118:

118. Any and all DOCUMENTS which describe, discuss, refer to, or relate to any and all employment by YOU with any employer or self-employment subsequent to YOUR employment with Defendant, including, but not limited to, DOCUMENTS

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

relating to the titles and/or descriptions of jobs held or work performed, job status, rate of pay, earnings, benefits, employee handbooks, benefit statements, offers or benefits to be paid for (in whole or in part) or provided by the employer(s) regardless of whether these benefits were actually obtained, evaluations of job performance, discipline, reprimands, warnings, Complaints, and grievances.

RESPONSE TO REQUEST NO. 118:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Subject to and without waiving said objections, Plaintiff responds as follows:  After a diligent search and reasonable inquiry, Plaintiff currently has no documents responsive to this request.

REQUEST NO. 119:

119. Any and all DOCUMENTS which show that YOU have attempted to mitigate YOUR damages since YOUR employment relationship with Defendant was terminated.

RESPONSE TO REQUEST NO. 119:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges. Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is in the process of accumulating documents responsive to this request, and will comply with this request.

///

62

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

REQUEST NO. 130:

130.   Any and all DOCUMENTS YOU gave to or received from the Division of Labor Standards Enforcement ("DLSE").

RESPONSE TO REQUEST NO. 130:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Subject to and without waiving said objections, Plaintiff responds as follows: After a diligent search and reasonable inquiry, Plaintiff currently has no documents responsive to this request.

REQUEST NO. 131:

131.   Any and all DOCUMENTS that support, evidence, establish or relate to written or oral communications between YOU and DLSE which relate or pertain to any and all allegations contained in the COMPLAINT.

RESPONSE TO REQUEST NO. 131:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Subject to and without waiving said objections, Plaintiff responds as follows: After a diligent search and reasonable inquiry, Plaintiff currently has no documents responsive to this request.

Date: April 10, 2014

TAYLOR & RING, LLP

By: _____
John C. Taylor
Louanne Masry
Attorneys for Plaintiff

68

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

## PROOF OF SERVICE
### (Code of Civil Procedure §§ 1011, 1013, 1013a, 2015.5)

STATE OF CALIFORNIA ) ss.

COUNTY OF LOS ANGELES )

I, Kimberly Oadell-Arian, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action or proceeding; my business address is 10900 Wilshire Boulevard, Suite 920, Los Angeles, California 90024; telephone (310) 209-4100.

On April 11, 2014, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on all interested parties in this action

[XX] By placing [XX] the original and [XX] a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

[XX] **BY MAIL** as indicated on the attached service list.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FAX** as indicated on the attached service list. A copy of the transmission verification report is attached hereto.

[ ] **BY PERSONAL/HAND SERVICE** as indicated on the attached service list.

[ ] **BY OVERNIGHT DELIVERY** as indicated on the attached service list. A copy of the shipping label is attached hereto.

Executed on April 11, 2014, at Los Angeles, California.

[XX] **(FEDERAL)** I certify that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Kimberly Oadell-Arian

69

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**Service List**


Christopher J. Boman, Esq.                    [COPY]
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
(949) 851-2424
Fax (949) 851-0152
Email cboman@laborlawyers.com


Kristen J. Nesbit, Esq.                       [ORIGINAL]
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1590
Los Angeles, California 90071
(213) 330-4500
Fax (213) 330-4501
Email knesbit@laborlawyers.com


Attorneys for Defendant, USA WASTE OF CALIFORNIA, INC.

70

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

**EXHIBIT 3**

John C. Taylor, State Bar No. 78389
Louanne Masry, State Bar No. 190559
**TAYLOR & RING, LLP**
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERTO SANTILLAN, an individual,

Plaintiff,

vs.

USA WASTE OF CALIFORNIA, INC., a
Delaware Corporation; and DOES 1
through 50, inclusive,

Defendants.

CASE NO. CV14-00335-ABC (JCGx)

[Complaint filed: 12/04/2013; Assigned to the Hon. Audrey B. Collins]

**PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

PROPOUNDING PARTY:     DEFENDANT, USA WASTE OF CALIFORNIA, INC.

RESPONDING PARTY:     PLAINTIFF, GILBERTO SANTILLAN

SET NO.:     ONE (FURTHER)

Plaintiff, Gilberto Santillan, hereby submits further responses to Request for Production of Documents, Set One, propounded by Defendant, USA Waste of California, Inc.

///

1

REQUEST NO. 107:

107.  Any and all DOCUMENTS which describe, discuss, refer or relate to efforts YOU made to find work (including self-employment) since YOUR employment was terminated with Defendant, including, but not limited to, employment applications, resumes, correspondence, notes, memoranda and other DOCUMENTS from any prospective employers from which employment was sought regarding interviews, applications, test, offers of employment, and rejections of applications of employment for other employers.

RESPONSE TO REQUEST NO. 107:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2).  Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges.  Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is in the process of accumulating documents responsive to this request, and will comply with this request.

FURTHER RESPONSE TO REQUEST NO. 107:

Subject to and without waiving the objections set forth in Plaintiff's original response to this Request, Plaintiff responds as follows:  Attached hereto as Exhibit "4" are documents responsive to this Request.  Discovery and investigation are continuing.

REQUEST NO. 108:

108.  Any and all DOCUMENTS relating to, referring to, or evidencing medical, psychological, and/or psychiatric care and treatment received by YOU during the five years prior to YOUR termination to present, including all medical records and all records pertaining to prescription and non-prescription drugs prescribed for or taken by YOU.

PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

REQUEST NO. 119:

119. Any and all DOCUMENTS which show that YOU have attempted to mitigate YOUR damages since YOUR employment relationship with Defendant was terminated.

RESPONSE TO REQUEST NO. 119:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client privileges. Subject to and without waiving said objections, Plaintiff responds as follows: Plaintiff is in the process of accumulating documents responsive to this request, and will comply with this request.

FURTHER RESPONSE TO REQUEST NO. 119:

Subject to and without waiving the objections set forth in Plaintiff's original response to this Request, Plaintiff responds as follows: Attached hereto as Exhibit "4" are documents responsive to this Request. Discovery and investigation are continuing.

REQUEST NO. 120:

120. Any and all written correspondence, notes, telephone messages, memoranda or other evidence of communication between YOU and any other person (with the sole exception of YOUR attorney) relating to any of the claims in this matter.

RESPONSE TO REQUEST NO. 120:

Plaintiff objects that this request is overbroad and burdensome under FRCP 26(b)(2). Plaintiff further objects that this request violates FRCP 34(b)(1)(A) by failing to describe with reasonable particularity each item or category of items requested. Plaintiff further objects that the request, as phrased, may call for information or documents which are protected under the attorney work product and/or attorney client

71

PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

FURTHER RESPONSE TO REQUEST NO. 128:

Subject to and without waiving the objections set forth in Plaintiff's original response to this Request, Plaintiff responds as follows:  Attached hereto as Exhibit "1" are documents responsive to this Request.  Discovery and investigation are continuing.

Date: July 1, 2014                                                  TAYLOR & RING, LLP

By: _____
John C. Taylor
Louanne Masry
Attorneys for Plaintiff

75

PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

## PROOF OF SERVICE
(Code of Civil Procedure §§ 1011, 1013, 1013a, 2015.5)

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES )

I, Kimberly Oadell-Arian, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action or proceeding; my business address is 10900 Wilshire Boulevard, Suite 920, Los Angeles, California  90024; telephone (310) 209-4100.

On July 1, 2014, I served the foregoing document described as **PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on all interested parties in this action

[XX] By placing [XX] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[XX] **BY MAIL** as indicated on the attached service list.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FAX** as indicated on the attached service list.  A copy of the transmission verification report is attached hereto.

[ ] **BY PERSONAL/HAND SERVICE** as indicated on the attached service list.

[ ] **BY OVERNIGHT DELIVERY** as indicated on the attached service list. A copy of the shipping label is attached hereto.

Executed on July 1, 2014, at Los Angeles, California.

[XX] **(FEDERAL)** I certify that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Kimberly Oadell-Arian

76

PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**Service List**

Christopher J. Boman, Esq.                    [COPY]
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
(949) 851-2424
Fax (949) 851-0152
Email cboman@laborlawyers.com

Kristen J. Nesbit, Esq.                       [ORIGINAL]
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1590
Los Angeles, California 90071
(213) 330-4500
Fax (213) 330-4501
Email knesbit@laborlawyers.com

Attorneys for Defendant, USA WASTE OF CALIFORNIA, INC.

77

PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

# EXHIBIT 4

John C. Taylor, State Bar No. 78389
Louanne Masry, State Bar No. 190559
**TAYLOR & RING, LLP**
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERTO SANTILLAN, an individual,

                    Plaintiff,

vs.

USA WASTE OF CALIFORNIA, INC., a
Delaware Corporation; and DOES 1
through 50, inclusive,

                    Defendants.

CASE NO. CV14-00335-ABC (JCGx)

[Complaint filed: 12/04/2013; Assigned to the Hon. André Birotte Jr., Courtroom 790]

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

PROPOUNDING PARTY:     DEFENDANT, USA WASTE OF CALIFORNIA, INC.

RESPONDING PARTY:      PLAINTIFF, GILBERTO SANTILLAN

SET NO.:                 TWO

**PRELIMINARY STATEMENT**

Except for explicit facts stated herein, no incidental and/or implied admissions by Plaintiff is intended by or in any of these responses. The fact that Plaintiff has responded to any Request should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request. The fact that

1

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

RESPONSE TO REQUEST NO. 135 (ERRONEOUSLY IDENTIFIED AS NO. 134):

Plaintiff objects that this request is overbroad and constitutes an undue burden. Subject to and without waiving said objections, Plaintiff responds as follows:   All documents responsive to this request were attached to Plaintiff's Responses to Defendant's Requests for Production of Documents, Set One, as Exhibit "4".

REQUEST NO. 136 (ERRONEOUSLY IDENTIFIED AS NO. 135):

Any and all DOCUMENTS that evidence, support or relate to each period of self employment you have had since July 24, 2012 through the present.

RESPONSE TO REQUEST NO. 136 (ERRONEOUSLY IDENTIFIED AS NO. 135):

Plaintiff objects that this request is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: After a diligent search and reasonable inquiry, Plaintiff currently has no documents responsive to this request.

REQUEST NO. 137 (ERRONEOUSLY IDENTIFIED AS NO. 136):

Any and all DOCUMENTS that evidence, support or relate to all income you received, since July 24, 2012 through the present.

RESPONSE TO REQUEST NO. 137 (ERRONEOUSLY IDENTIFIED AS NO. 136):

Plaintiff objects that this request is vague and ambiguous. Subject to and without waiving said objections, Plaintiff responds as follows: After a diligent search and reasonable inquiry, Plaintiff currently has no documents responsive to this request.

Date: Sept. 18, 2014

TAYLOR & RING, LLP

By: _John C. Taylor_
    John C. Taylor
    Louanne Masry
    Attorneys for Plaintiff

4

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

## VERIFICATION

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing Plaintiff's Response to Defendant's Request for Production of Documents, Set Two                                        and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

Executed on ___9/18/2014___, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Gilberto Santillan
Type or Print Name

_____
Signature

PROOF OF SERVICE
(Code of Civil Procedure §§ 1011, 1013, 1013a, 2015.5)

STATE OF CALIFORNIA        )
                           )   ss.
COUNTY OF LOS ANGELES )

I, Kimberly Oadell-Arian, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action or proceeding; my business address is 10900 Wilshire Boulevard, Suite 920, Los Angeles, California 90024; telephone (310) 209-4100.

On September 19, 2014, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** on all interested parties in this action

[XX] By placing [XX] the original [XX] a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[XX] **BY MAIL** as indicated on the attached service list.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FAX** as indicated on the attached service list. A copy of the transmission verification report is attached hereto.

[ ] **BY PERSONAL/HAND SERVICE** as indicated on the attached service list.

[ ] **BY OVERNIGHT DELIVERY** as indicated on the attached service list. A copy of the shipping label is attached hereto.

Executed on September 19, 2014, at Los Angeles, California.

[XX] **(FEDERAL)** I certify that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Kimberly Oadell-Arian

5

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET TWO

**Service List**

Christopher J. Boman, Esq.
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
(949) 851-2424
Fax (949) 851-0152
Email cboman@laborlawyers.com

Kristen J. Nesbit, Esq.
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1590
Los Angeles, California 90071
(213) 330-4500
Fax (213) 330-4501
Email knesbit@laborlawyers.com

Attorneys for Defendant, USA WASTE OF CALIFORNIA, INC.

6

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

**EXHIBIT 5**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERTO SANTILLAN, an individual,  )
                                    )
            Plaintiff,              )
                                    )
        vs.                         )  Case No.
                                    )  CV14-00335-ABC (JCGx)
USA WASTE OF CALIFORNIA, INC., a    )
Delaware Corporation; and DOES 1    )
through 50, inclusive,              )
                                    )
            Defendants.             )
_____)

VIDEOTAPED DEPOSITION OF GILBERTO SANTILLAN

Los Angeles, California

Wednesday, August 20, 2014

REPORTED BY:
Jimmy S. Rodriguez
CSR No. 13464

1

A    No.  I didn't go back to school.

Q    Do you hold any training certificates of any sort?

A    No.

Q    Are you currently working?

A    I am not working.

Q    When was the last time you worked?

A    On the -- on the last day that they laid me off from the company.

Q    Do you recall when that was?

A    I don't remember.

Q    Can you estimate for me?

A    It was in December 5th.

Q    And since December 5, 2011, what have you done to look for new employment?

A    I was looking in -- applying in various companies.

Q    What companies?

A    Quite a few places of companies -- names.

Q    What are the names of some of the companies you applied to?

A    Athens, Bronson, and commercial driver -- commercial driver.  I don't remember more, but it was a quite a bit the ones I was looking in.

Q    What position did you apply for at Athens?

32

A   Driver -- driver.

Q   When did you apply for this position?

A   About -- last year, about some eight months ago, nine months ago.

Q   So the end of 2013, is that your estimate?

A   Yes.

Q   Were you interviewed for that position?

A   I did an application, I left it there, they were going to call me but then I never received any follow-up call.

Q   Did you follow up with them?

A   Yes, I did fill out another application at a different yard.

Q   What happened when you filled out that application?

A   Well, I was just going to wait until they called me, but, no.

Q   Did anyone ever call you from Athens?

A   No.

Q   When did you apply to Bronson?

A   Bronson, it was more or less on those days I'm talking about.

Q   What days are those?

A   Well, around eight, nine months ago.   I did one day -- one week, I went around looking in

33

various companies, looking around.

Q    What position did you apply for at Bronson?

A    As a driver.

Q    Were you ever interviewed for this position?

A    No.

Q    Any other companies you applied for work?

A    At Valley Vista.

Q    When did you apply for a position at Valley Vista?

A    More or less around the same days that I'm talking about, that I was talking about earlier.

Q    What position did you apply for?

A    As a driver.

Q    Were you interviewed for this position?

A    No.  Now, since everything is on the computer and since I don't have a computer, I don't know how to do that.  So what I was able to do was to complete the application and I would leave them, and that's all.  They don't give applications, everything is via Internet.

Q    How -- strike that.

Have you gone on any interviews since you last worked at USA Waste?

34

A       No.

Q       Did you apply for any positions in 2012?

A       No, no.

Q       Why not?

A       Well, I went to -- over there to Los Angeles, with small companies, to drive small trucks or vehicles.

Q       What companies did you drive these small trucks or vehicles for?

A       These are book companies.

Q       What were the names of these companies that you drove these trucks for?

A       No, no, no, I simply applied to see if they would give me any work, but I wasn't driving.

Q       What were the names of these companies?

A       Well, they didn't have any business cards, they simply gave me the application and -- but they would not give me a copy, they would not give me a copy.

Q       Did you fill out an application for any of these places?

A       Yes.  I think they will look -- maybe because of the age, they were not giving me the jobs.

Q       What were the names of these companies?

35

A    Well, in regards to that question, my attorney has all those names of those places where I went around applying.

MS. MASRY:  I think we provided a list to you in response to written discovery just so that you...

BY MS. NESBIT:

Q    And the list that was provided to your attorney is a list of all the places that you applied for jobs?

A    Yes.

Q    Have you applied for any positions with USA Waste or any of its affiliates after December 5, 2011?

A    No.

Q    Why not?

A    I have not done that.

Q    Would you be interested in a position at USA Waste or any of its affiliates if it was available to you?

A    Yes.

Q    What types of positions would you be interested in at USA Waste or its affiliates if it was available and you were qualified for it?

A    The same that I used to do before.

36

Q     Have you performed any work on behalf of yourself or any odd jobs for any other people between December 5, 2011 and the present, other than Irene?

A     No.

Q     Why not?

A     Because I can't find a job.

Q     When was the last time you applied for a job?

A     Well, about nine months ago.  Right now, I have not done anything.

Q     So the last time you applied for a job was about nine months ago; is that correct?

A     Yes.

Q     Why have you not applied for anything within the last nine months?

A     I've been very stressed for the fact that I can't find a job and -- well, the only thing that I know how to do is work at a company and do a route and treat the clients well.

Q     Why have you not applied for any driver positions within the last nine months?

A     Right now, I have not done it.

MS. NESBIT:  I'm going to show you what I'm going to mark as Exhibit 2.

39

(Deposition Exhibit 2, handwritten document, was marked for identification by the certified Shorthand Reporter and is attached hereto.)

BY MS. NESBIT:

Q    I'll represent to you this is a document you produced responsive to my client's discovery request.

Have you seen this document before?

A    That one, yes.

Q    What is it?

A    Well, they are names of companies, telephone numbers for information.

Q    What does this -- what does Exhibit 2 represent?

A    Well, this is proof that I tried to look for work in these places.

Q    When did you prepare this document?

A    Well, months ago -- months ago.

Q    Is this your handwriting?

A    No, because I have awful writing.  My brother wrote it.

Q    How do you know that you applied to all of these positions -- to all these companies?

A    I went and I applied at those companies on

40

those dates.  The companies are in Montebello, Azusa, West Covina.

Q    Are you done, Mr. Santillan?

A    Yes.

Q    I don't see any dates on this document. Going to No. 2, it looks like it's "Burrte Waste." B-u-r-r-t-e Waste, when did you apply for a position there?

A    During the time that I said to you, that is like eight months or nine months ago.

Q    What did you rely on to create this list of companies that you applied for?

A    I personally went and I filled out applications, so I went to my brother and I told him to write down all the names.  That's all.

Q    And this is -- is this Exhibit 2 an accurate list of all the jobs you applied for?

A    Yes, I went there to look.

Q    When did you begin your employment at USA Waste?

A    June 14th of '79.

Q    What position were you hired for?

A    When I started, I was a helper.  Later on, they trained me and I obtained my commercial license.

41

**EXHIBIT 6**

104

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERTO SANTILLAN, an individual, )
                                   )       **ORIGINAL**
            Plaintiff,             )
                                   )
                                   )
                                   )
       vs.                         )  Case No.
                                   )  CV14-00335 ABC
USA WASTE OF CALIFORNIA, INC., a   )  JCG(x)
Delaware corporation; and DOES 1   )
through 50, inclusive,             )
                                   )
            Defendants.            )
                                   )

VIDEOTAPED DEPOSITION OF GILBERTO SANTILLAN

VOLUME II

Pages 104 through 237

Santa Ana, California

Friday, September 12, 2014

Reported by:  Jana J. Bommarito, CSR No. 10880

HAHN & BOWERSOCK 800-660-3187 FAX 714-662-1398
151 KALMUS DRIVE, SUITE L1 COSTA MESA, CA 92626

Q    Okay.  Do you recall if you received roughly $3,000?

A    Yes.

Q    And in exchange for receiving that $3,000, you signed a release, correct?

A    I do not recall very well, but I must have that paper at home.

Q    Okay.  Before you received the $3,000, did you have to sign a document?

A    I do not recall if I signed.

Q    Okay.  Are the last four digits of your social security number 2███?

A    Yes, 2███.

Q    In 2011 did you have the phone number (323) 532-3522?

A    I do not recall.  My phone number?

Q    Yes.

A    No, I do not recall.

Q    Do you recall having a phone number in 2011 (323) 938-0513?

A    No, I do not recall what -- what it was.

Q    On the first day that you returned to work in July 2012, do you recall how many hours you worked that day?

A    I do not recall.  Only the amount of money

226

believe were older than you who were terminated for accidents or multiple infractions?

A    There were about five.

Q    And were the other four younger than you?

MS. MASRY:    Calls for speculation.

THE WITNESS:    Yes.

BY MS. NESBIT:

Q    And since our last deposition session, have you looked for new employment?

A    I have looked all the time, but there isn't any.    I have looked at several companies, in the newspapers.    And now during this week -- during this week I have not been looking because of the same thing.    I have to be here.

Q    Okay.    So my question to you, and I'll be more specific:    Since your last deposition on August 20th, 2014, have you made any efforts to look for a job?

A    No, not right now, no.

Q    And prior to you being provided with your rehire paperwork in 2012, had you ever had any interactions with Maria Diaz?

A    No.

Q    Who is Erika Ramirez?

A    She is Mike Grimm's secretary.

105

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERTO SANTILLAN, an individual, )
                                    )
            Plaintiff,              )
                                    )
                                    )
    vs.                             ) Case No.
                                    ) CV14-00335 ABC
USA WASTE OF CALIFORNIA, INC., a    ) JCG(x)
Delaware corporation; and DOES 1    )
through 50, inclusive,              )
                                    )
            Defendants.             )
_____)

            Videotaped deposition of GILBERTO

SANTILLAN, VOLUME II, taken on behalf of Defendants,

at Ronald Reagan Federal Building, 411 West Fourth

Street, Santa Ana, California, beginning at

11:13 a.m., and ending at 4:57 p.m., on Friday,

September 12, 2014, before Jana J. Bommarito,

Certified Shorthand Reporter No. 10880.

106

APPEARANCES:


FOR PLAINTIFFS:

        TAYLOR RING
        BY:  LOUANNE MASRY, ESQ.
        10900 Wilshire Boulevard
        Suite 920
        Los Angeles, California 90024
        Telephone: (310) 209-4100
        E-mail: masry@taylorring.com


FOR DEFENDANTS:

        FISHER & PHILLIPS LLP
        BY:  KRISTEN NESBIT, ESQ.
        444 South Flower Street
        Suite 1590
        Los Angeles, California 90071
        Telephone: (213) 330-4500
        Facsimile: (213) 330-4501
        E-mail: knesbit@laborlawyers.com



THE VIDEOGRAPHER:

        MATHEW MARTINEZ


THE INTERPRETER:

        ROBERT PENATE


ALSO PRESENT:

        ROBERT C. STILLWELL

109

Santa Ana, California; Friday, September 12, 2014

11:13 a.m. - 4:57 p.m.

THE VIDEOGRAPHER:  Here begins the videotaped deposition of Gilberto Santillan, Volume II, in the matter of Santillan vs. USA Waste of California.

Today's date is September 12th, 2014, and the time on the video monitor is 11:13 a.m.  The video operator is Mathew Martinez, representing Hahn & Bowersock Court Reporters.  And our court reporter today is Jana Bommarito, reporting on behalf of Hahn & Bowersock Court Reporters.  Today's deposition is being taken place in Santa Ana, California.

At this time could all parties please introduce themselves, starting with the witness.

THE WITNESS:  My name is Gilberto Santillan.

MS. MASRY:  Good morning.  Louanne Masry for Mr. Santillan.

MS. NESBIT:  Kristen Nesbit for Defendant USA Waste.

MR. STILLWELL:  Robert Stillwell, law clerk to the Honorable Jay Gandhi.

THE VIDEOGRAPHER:  All right.  Could the court reporter please swear in the interpreter and the

Jesus Zamora?

A     In '11.

Q     Okay --

A     He was fired there from the company.  When that thing happened to me that I was laid off, they let him go as well.  He has been working there for about nine years, but he was at fault because he did not report an accident he had.

Q     And --

A     He had --

Q     Do you know how old Jesus Zamora is?

A     I believe around -- around 58 years old.

Q     Okay.  And when was the last time you spoke to Enriq- -- Enrique Rios?

A     Well, more or less in '11.

Q     Okay.  And when was the last time you spoke to Santos?

A     Santos, he was a coworker of mine in Manhattan Beach.  Almost during the same date, '11. Santos Gonzales, it seems like it was.  He's from Guatemala.

MS. NESBIT:  All right.  I think this might be a good time to take a break and to see if the judge is available.

MR. STILLWELL:  Are we done with -- are we done

with our direct questioning then?

MS. NESBIT: Well, it depends on what the judge decides.

MR. STILLWELL: Oh, well, yes. You're done with -- but there's no -- no further opportunities at the moment for --

MS. NESBIT: Not at this point, no.

MR. STILLWELL: Okay. Do you mind if we just take a five-minute break? I just want to make sure I know -- oh, maybe you should stick around. That's fine. Okay.

THE VIDEOGRAPHER: Going off the record. The time is 3:56 p.m.

(Brief recess taken.)

THE VIDEOGRAPHER: We are now back on the record. The time is 4:52 p.m.

BY MS. NESBIT:

Q    Mr. Santillan, after our break, is there any reason why you cannot proceed with your deposition and give truthful and accurate testimony?

A    I can.

Q    Okay. Did you ever provide information regarding your citizenship status to Ms. Maria Diaz?

232

A    I don't remember. I do not remember.

Q    But per your testimony earlier today, she did ask you to provide information regarding your citizenship status; is that correct?

A    I do not recall very well if yes.

Q    Do you recall if Ms. Diaz asked you to provide information regarding your citizenship status when you returned to work on your first day in July 2012?

A    It was only my social security and my license.

Q    Did she ask you to provide anything else related to your citizenship status?

A    No.

Q    Did Ms. Diaz ever ask you to provide information related to you being a permanent resident in the United States?

MS. MASRY:  Objection. As phrased, violates the order and is vague and ambiguous, overbroad.

Can I have the question read back?

THE REPORTER:  "Q.  Did Ms. Diaz ever ask you to provide information related to you being a permanent resident in the United States?"

MS. MASRY:  Same objections. Same objections.

233

But I'll allow him to answer, reserving my objection.

THE WITNESS:  No.

BY MS. NESBIT:

Q    Did you provide Ms. Diaz any information regarding a work authorization number?

A    Yes.

Q    And what information did you provide?

A    My license and my social security.

Q    And did you provide anything else?

A    That's all.

Q    And did she ask you to provide any additional information related to your work -- work authorization?

A    I do not recall very well.

MS. NESBIT:  Okay.  You know what, I have no further questions.

MS. MASRY:  I have nothing.  Thank you.

MS. NESBIT:  Same stipulation.

THE VIDEOGRAPHER:  Okay.  This concludes today's deposition.  We're now going off the record.  The time is 4:57 p.m.

            (Whereupon the following stipulation agreed to in the deposition of Gilberto Santillan,

234

Volume I, taken on August 20, 2014 was incorporated herein:

"MS. NESBIT:  At this time, I propose that the original transcript be provided to Mr. Santillan's counsel for his review, and that my office is notified within 30 days of receipt of any changes or corrections to the transcript and notification that the transcript has been signed under penalty of perjury.

"In the event the original is lost or misplaced or stolen, a certified copy may be used in lieu of the original for all purposes in this action.

"And at the time the court reporter transmits the transcript to Ms. Masry's office, he'll be relieved of his duties under the Code.

"MS. MASRY:  So agreed."

(Whereupon the videotaped deposition, Volume II, concluded at 4:57 p.m.  Signature under penalty of perjury.)

# EXHIBIT 7

105

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


GILBERTO SANTILLAN, an individual, )
                                   )
                 Plaintiff,        )
                                   )
                                   )
        vs.                        ) Case No.
                                   ) CV14-00335 ABC
USA WASTE OF CALIFORNIA, INC., a   ) JCG(x)
Delaware corporation; and DOES 1   )
through 50, inclusive,             )
                                   )
                 Defendants.       )
_____)


        Videotaped deposition of GILBERTO

SANTILLAN, VOLUME II, taken on behalf of Defendants,

at Ronald Reagan Federal Building, 411 West Fourth

Street, Santa Ana, California, beginning at

11:13 a.m., and ending at 4:57 p.m., on Friday,

September 12, 2014, before Jana J. Bommarito,

Certified Shorthand Reporter No. 10880.

106

APPEARANCES:


FOR PLAINTIFFS:

          TAYLOR RING
          BY:  LOUANNE MASRY, ESQ.
          10900 Wilshire Boulevard
          Suite 920
          Los Angeles, California 90024
          Telephone: (310) 209-4100
          E-mail: masry@taylorring.com


FOR DEFENDANTS:

          FISHER & PHILLIPS LLP
          BY:  KRISTEN NESBIT, ESQ.
          444 South Flower Street
          Suite 1590
          Los Angeles, California 90071
          Telephone: (213) 330-4500
          Facsimile: (213) 330-4501
          E-mail: knesbit@laborlawyers.com


THE VIDEOGRAPHER:

          MATHEW MARTINEZ


THE INTERPRETER:

          ROBERT PENATE


ALSO PRESENT:

          ROBERT C. STILLWELL

109

Santa Ana, California; Friday, September 12, 2014

11:13 a.m. - 4:57 p.m.

THE VIDEOGRAPHER: Here begins the videotaped deposition of Gilberto Santillan, Volume II, in the matter of Santillan vs. USA Waste of California.

Today's date is September 12th, 2014, and the time on the video monitor is 11:13 a.m. The video operator is Mathew Martinez, representing Hahn & Bowersock Court Reporters. And our court reporter today is Jana Bommarito, reporting on behalf of Hahn & Bowersock Court Reporters. Today's deposition is being taken place in Santa Ana, California.

At this time could all parties please introduce themselves, starting with the witness.

THE WITNESS: My name is Gilberto Santillan.

MS. MASRY: Good morning. Louanne Masry for Mr. Santillan.

MS. NESBIT: Kristen Nesbit for Defendant USA Waste.

MR. STILLWELL: Robert Stillwell, law clerk to the Honorable Jay Gandhi.

THE VIDEOGRAPHER: All right. Could the court reporter please swear in the interpreter and the

230

Jesus Zamora?

A    In '11.

Q    Okay --

A    He was fired there from the company.  When that thing happened to me that I was laid off, they let him go as well.  He has been working there for about nine years, but he was at fault because he did not report an accident he had.

Q    And --

A    He had --

Q    Do you know how old Jesus Zamora is?

A    I believe around -- around 58 years old.

Q    Okay.  And when was the last time you spoke to Enriq- -- Enrique Rios?

A    Well, more or less in '11.

Q    Okay.  And when was the last time you spoke to Santos?

A    Santos, he was a coworker of mine in Manhattan Beach.  Almost during the same date, '11.  Santos Gonzales, it seems like it was.  He's from Guatemala.

MS. NESBIT:  All right.  I think this might be a good time to take a break and to see if the judge is available.

MR. STILLWELL:  Are we done with -- are we done

231

with our direct questioning then?

MS. NESBIT: Well, it depends on what the judge decides.

MR. STILLWELL: Oh, well, yes. You're done with -- but there's no -- no further opportunities at the moment for --

MS. NESBIT: Not at this point, no.

MR. STILLWELL: Okay. Do you mind if we just take a five-minute break? I just want to make sure I know -- oh, maybe you should stick around. That's fine. Okay.

THE VIDEOGRAPHER: Going off the record. The time is 3:56 p.m.

(Brief recess taken.)

THE VIDEOGRAPHER: We are now back on the record. The time is 4:52 p.m.

BY MS. NESBIT:

Q    Mr. Santillan, after our break, is there any reason why you cannot proceed with your deposition and give truthful and accurate testimony?

A    I can.

Q    Okay. Did you ever provide information regarding your citizenship status to Ms. Maria Diaz?

232

A    I don't remember.  I do not remember.

Q    But per your testimony earlier today, she did ask you to provide information regarding your citizenship status; is that correct?

A    I do not recall very well if yes.

Q    Do you recall if Ms. Diaz asked you to provide information regarding your citizenship status when you returned to work on your first day in July 2012?

A    It was only my social security and my license.

Q    Did she ask you to provide anything else related to your citizenship status?

A    No.

Q    Did Ms. Diaz ever ask you to provide information related to you being a permanent resident in the United States?

MS. MASRY:  Objection.  As phrased, violates the order and is vague and ambiguous, overbroad.

Can I have the question read back?

THE REPORTER:  "Q.  Did Ms. Diaz ever ask you to provide information related to you being a permanent resident in the United States?"

MS. MASRY:  Same objections.  Same objections.

233

But I'll allow him to answer, reserving my objection.

THE WITNESS:  No.

BY MS. NESBIT:

Q    Did you provide Ms. Diaz any information regarding a work authorization number?

A    Yes.

Q    And what information did you provide?

A    My license and my social security.

Q    And did you provide anything else?

A    That's all.

Q    And did she ask you to provide any additional information related to your work -- work authorization?

A    I do not recall very well.

MS. NESBIT:  Okay.  You know what, I have no further questions.

MS. MASRY:  I have nothing.  Thank you.

MS. NESBIT:  Same stipulation.

THE VIDEOGRAPHER:  Okay.  This concludes today's deposition.  We're now going off the record. The time is 4:57 p.m.

(Whereupon the following stipulation agreed to in the deposition of Gilberto Santillan,

234

Volume I, taken on August 20, 2014 was incorporated herein:

        "MS. NESBIT:   At this time, I propose that the original transcript be provided to Mr. Santillan's counsel for his review, and that my office is notified within 30 days of receipt of any changes or corrections to the transcript and notification that the transcript has been signed under penalty of perjury.

        "In the event the original is lost or misplaced or stolen, a certified copy may be used in lieu of the original for all purposes in this action.

        "And at the time the court reporter transmits the transcript to Ms. Masry's office, he'll be relieved of his duties under the Code.

        "MS. MASRY:   So agreed."


        (Whereupon the videotaped deposition, Volume II, concluded at 4:57 p.m.   Signature under penalty of perjury.)

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1230 Rosecrans Ave., Suite 360, Manhattan Beach, California 90266.

On April 19, 2019, I served the following document(s) described as

**DECLARATION OF PLAINTIFF'S COUNSEL, LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on April 19, 2019, at Manhattan Beach, California.

/s/ Colleen del Rosario
COLLEEN DEL ROSARIO

5

DECLARATION OF LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER

## SERVICE LIST

| | |
|---|---|
| Holly Boyer<br>hboyer@ecbappeal.com<br>ESNER, CHANG & BOYER<br>234 E. Colorado Blvd., Suite 750<br>Pasadena, CA<br>Telephone: 626.535.9860<br>Facsimile: 626.535.9859 | Associated Counsel for Plaintiff GILBERTO SANTILLAN |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br><br>NANCY E. PRITIKIN, Cal. Bar No. 102392<br>npritikin@sheppardmullin.com<br>379 Lytton Avenue<br>Palo Alto, California 94301-1479<br>Telephone:  (650) 815-2600<br>Facsimile:   (650) 815-2601<br><br>ADAM R. ROSENTHAL, Cal. Bar No. 246722<br>arosenthal@sheppardmullin.com<br>12275 El Camino Real, Suite 200<br>San Diego, California 92130-4092<br>Telephone:  (858) 720-8900<br>Facsimile:   (858) 509-3691<br><br>CARYN F. HORNER, Cal. Bar No. 273500<br>chorner@sheppardmullin.com<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626-1993<br>Telephone:  (714) 513-5100<br>Facsmile: (714) 513-5130 | Attorneys for Defendant, USA WASTE OF CALIFORNIA, INC. |

6

DECLARATION OF LOUANNE MASRY, IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, MOTION TO AMEND THE SCHEDULING ORDER