UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 14-00335-AB (SSx) | Date: | May 9, 2019 |
|---|---|---|---|

| Title: | *Gilberto Santillan v. USA Waste of California, Inc.* |
|---|---|

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] Order Denying Defendant's Motion for Review and Objections to Magistrate Judge's Order Denying Defendant's Motion to Compel Discovery and Denying Defendant's Motion to Amend the Scheduling Order [98]**

### I.    INTRODUCTION

Defendant USA Waste of California, Inc. ("USA Waste") moves for review of and objects to Magistrate Judge Suzanne Segal's March 27, 2019 Order denying USA Waste's Motion to Compel the continued deposition of Plaintiff Gilberto Santillan ("Plaintiff") on his immigration status and right to work in the United States. (Dkt. No. 98-1, "Mot.")   In the alternative, USA Waste moves the Court to amend the current Scheduling Order.   Plaintiff filed an opposition, and USA Waste filed a reply. (Dkt. Nos. 99, 102.)   The Court finds this matter appropriate for decision without oral argument and **VACATES** the hearing set for May 10, 2019.   *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.   For the following reasons, the Court **DENIES** the Motion and the alternative request to amend the Scheduling Order.

## II.    BACKGROUND

On December 4, 2013, Plaintiff filed a complaint against USA Waste in Los Angeles Superior Court, alleging a wrongful termination claim based on age discrimination and retaliation.   USA Waste removed this case to federal court and the matter was assigned to Judge Collins, who issued a Scheduling Order setting September 30, 2014 as the fact discovery cut-off.   (Dkt. No. 14 at 1.)   Judge Collins's Order provided that "[a] deposition commenced at least five (5) days before the cut-off may continue beyond the cut-off date."   (*Id.*)

This matter was reassigned to the undersigned district judge on August 12, 2014, approximately six weeks before the fact discovery cut-off date set by Judge Collins. (Dkt. No. 15.)   The parties did not request a continuance of the fact discovery cut-off date, and the Court did not modify the date.

Plaintiff sat for deposition on August 20, 2014 and declined to answer questions about his immigration status and ability to obtain lawful employment in the United States pursuant to his counsel's instruction not to answer. USA Waste raised the issue with Magistrate Judge Jay Gandhi in an informal discovery conference on the same day. (Dkt. No. 16.)   On August 29, 2014, Judge Gandhi issued an Order denying USA Waste's motion to compel, which is worth quoting in full:

> The Court finds that defendant's termination of plaintiff centers on whether plaintiff *failed* to provide the *requisite documentation* regarding his legal right to work in the United States, not his *actual* immigration status. That said, defendant is entitled to question plaintiff concerning, for instance, what information was requested, what information was provided, what additional information was desired, and the like, and any such discovery affords defendant the fair opportunity to counter that the motivating factor behind plaintiff's termination was a legitimate, non-discriminatory reason.

> Second, the Court finds that plaintiff has alleged future economic damages of approximately $1 million and plaintiff's actual legal right to work in the United States may be pertinent to such a calculus. However, in light of the notable burden placed on plaintiff to provide such immigration status information, the Court believes that such discovery is more apropos following resolution of any motion for summary judgment and if plaintiff elects to pursue future economic damages at trial.

> Third, the Court instructs the parties to prepare a protective order, providing that any information disclosed in discovery shall be used solely for purposes of this litigation.

> Fourth, the Court instructs the parties to conduct any continued deposition of plaintiff at the United States Courthouse and to coordinate with the Courtroom Deputy Clerk regarding availability for such purposes.

(Dkt. No. 19 at 1-2.)

On January 16, 2015, the Court granted summary judgment in favor of USA Waste on all of Plaintiff's claims, and Plaintiff appealed.   (Dkt. Nos. 31, 34, 37.)   On April 7, 2017, the Ninth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings.   (Dkt. No. 45.)

Following remand, the parties filed a Joint Status Report on August 11, 2017 that stated:

> Defendant anticipates that if Plaintiff intends to seek future damages, it will need to take Plaintiff's deposition to explore Plaintiff's efforts to mitigate his damages after his termination, including his immigration status as it relates to Plaintiff's ability to find post-termination employment as ordered by Magistrate Judge Jay C. Gandhi on August 29, 2014. Pursuant to Magistrate Judge Gandhi's order, Defendant is entitled to explore Plaintiff's immigration status as it relates to Plaintiff's request for future damages if Defendant's motion for summary judgment was denied.

(Dkt. No. 49 at 4.)   This joint report also indicated that Plaintiff "disputes . . . that Judge Ghandi ordered that Defendant is 'entitled to explore' Plaintiff's immigration status." (*Id.*)   On August 25, 2017, the parties filed another Joint Status Report regarding the summary judgment briefing schedule and again raised the issue.   (Dkt. No. 52 at 3.) The August 25, 2017 joint report states: "[USA Waste] requests that the court order Plaintiff to appear for his deposition and answer questions that he previously refused to respond to based on his counsel's instructions.   If the court needs briefing in support of Defendant's request, Defendant will provide it."   (*Id.*)

In response, the Court issued an Order on September 8, 2017 setting a briefing schedule on Plaintiff's Motion for Summary Judgment and informing the parties that "[a]ny discovery disputes that counsel cannot resolve through the meet-and-confer process shall be resolved through motion practice.   Remaining trial dates shall be scheduled following a ruling on the motion for summary judgment."   (Dkt. No. 53.)

On November 17, 2017, Plaintiff filed a Motion for Summary Judgment (Dkt. No. 54), which the Court granted in part and denied in part on February 12, 2018 (Dkt. No. 63).   In the Court's February 12, 2018 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, the Court ordered the parties to meet and confer regarding "new applicable dates, particularly *the final pretrial conference and jury*

*trial dates*" on or before February 26, 2018.   (Dkt. No. 63 at 12 (emphasis added).)
Since then, the parties have filed numerous joint stipulations and joint status reports
requesting that the Court continue the deadline to submit proposed dates for various
scheduling conflicts and pending mediation, but never mentioning the dispute regarding
Plaintiff's immigration status.   (Dkt. Nos. 65-66, 69, 72.)

Following an unsuccessful mediation, which took place on November 19, 2018,
USA Waste filed a request to substitute in its current counsel.   (Dkt. No. 73.)   Defense
counsel filed a joint stipulation to continue the deadline to file their Joint Status Report
from December 19, 2018 to January 15, 2019, which the Court again approved.   (Dkt.
Nos. 71-72.)   On January 15, 2019, the parties filed a Joint Status Report informing the
Court that they were unable to agree on pretrial and trial dates and proposing separate
dates for the Court's consideration.   (Dkt. No. 82.)   In the status report, USA Waste
indicated that it proposed pretrial and trial dates "in light of the outstanding discovery
issues," but did not elaborate further.   (*Id.* at 4.)

On January 23, 2019, the Court issued an Order that stated: "The Court has already
decided two motions for summary judgment in this case and is not inclined to adopt
[USA Waste]'s proposed dates absent good cause."   (Dkt. No. 83 at 2.)   The Court
declined "to adopt wholesale Plaintiff's proposed dates given that defense counsel and
defense witnesses 'are generally unavailable for a trial in June'" and ordered the parties
to further meet and confer on proposed pretrial and trial dates.   (*Id.*)

On February 1, 2019, the parties filed a Revised Joint Status Report in which they
stated that "[d]ue to the unique procedural posture of this case, the Parties reserve the
right to request additional fact discovery and/or identify additional expert witnesses" and
if the parties cannot agree regarding additional fact and/or expert discovery, they will
raise the issue with Magistrate Judge Segal, who had been reassigned the case following
Judge Gandhi's retirement.   (Dkt. Nos. 84, 85 at 2.)   The parties proposed, among other
pretrial and trial dates, a new fact discovery cut-off of April 26, 2019, a new expert
discovery cut-off of May 31, 2019, and a new last date to hear motions date of May 31,
2019.   (*Id.* at 6.)

In response, on February 14, 2019, the Court issued an Order modifying the
Scheduling Order, stating:

> The Court will not leave open the last date to hear motions to amend
> pleadings/add parties or the initial and rebuttal expert disclosures deadlines.
> Nor will the Court accept the parties['] proposed deadlines for the nonexpert
> discovery cut-off, the expert discovery cut-off, and the last date to hear
> motions. The Court has already decided two motions for summary judgment
> in this case and the prior deadlines at issue came and went.   The parties fail

to demonstrate good cause for extending these deadlines beyond the deadlines originally contemplated by [Judge Collins's] Scheduling Order.

(Dkt. No. 89 at 2.)   In this Order, the Court noted: "It appears the parties participated in an informal discovery conference with Magistrate Judge Suzanne Segal on February 8, 2019, but the nature of this conference is unclear from the docket."   (*Id.* at 2 n.1 (citing Dkt. No. 88).)

On March 1, 2019, USA Waste filed a Motion to Compel Discovery from Plaintiff. (Dkt. No. 90.)   The parties filed a Joint Stipulation in connection with the motion pursuant to Local Rule 37-2, including the declaration of Adam Rosenthal in support of the motion, the declaration of Louanne Masry in opposition to the motion, and Plaintiff's objections to certain exhibits attached to Rosenthal's declaration.   (Dkt. No. 91.)   USA Waste also filed a supplemental memorandum.   (Dkt. No. 92.)

Following the hearing, Judge Segal issued an Order denying the motion as untimely because the September 2014 discovery cut-off set by Judge Collins had expired. (Dkt. No. 94 (hereinafter, "Order").)   Judge Segal also denied Plaintiff's objections as moot because she "did not rely on any of [USA Waste]'s exhibits to which Plaintiff's objections [were] directed."   (*Id.* at 2 n.1.)

Judge Segal rejected USA Waste's argument that the motion was timely simply because Judge Collins's Scheduling Order provided that deposition commenced more than five days before the September 30, 2014 fact discovery cut-off, as was Plaintiff's deposition, may continue beyond the cut-off date.   (Order at 8.)   Judge Segal noted that the undersigned judge's web page contains its standard "Order Setting Scheduling Conference" in which the Court "states that '[t]he discovery cut-off date is the last day by which all depositions must be completed, . . . and motions concerning discovery disputes must be heard.   The cut-off date for motions is the last date on which motions may be heard, not filed."   (*Id.* (citation omitted).)   Judge Segal found that the undersigned judge's "interpretation of the discovery cut-off date must control," not Judge Collins's Order.   (*Id.*)

Judge Segal also noted that USA Waste had not moved to amend the Scheduling Order and, even if it had moved to amend the Scheduling Order, good cause did not exist, as required by Federal Rule of Civil Procedure 16(b).   (Order at 11-12.)   Specifically, Judge Segal found that USA Waste failed to establish good cause because (1) USA Waste failed to demonstrate that it was diligent in conducting discovery between February 12, 2018—the date the Court issued an order resolving Plaintiff's Motion for Summary Judgment—and March 1, 2019, the date that USA Waste first moved to compel Plaintiff's deposition; and (2) ongoing settlement efforts do not, in of themselves, constitute good cause to amend the Scheduling Order, particularly where, as here, the mediation did not take place for more than eight months and USA Waste "did not

approach Plaintiff about taking his continued deposition until January 8, 2019—nearly *eleven months* after the summary judgment order issued."   (*Id.* at 11.)

Now, USA Waste requests that this Court review Judge Segal's March 27, 2019 Order pursuant to Federal Rule of Civil Procedure 72.

### III.   DISCUSSION

#### A.   Judge Segal's March 27, 2019 Order is Neither Clearly Erroneous nor Contrary to Law.

Under Federal Rule of Civil Procedure 72(a), a district court may "modify or set aside" a magistrate judge's non-dispositive pre-trial ruling only if the order is "clearly erroneous or contrary to law."   Fed. R. Civ. P. 72(a).   "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is 'significantly deferential, requiring a definite and firm conviction that a mistake has been committed.'"   *Green v. Baca*, 219 F.R.D. 485, 488-89 (C.D. Cal. 2003) (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993)).   The contrary to law standard "permits independent [de novo] review of purely legal determinations by the magistrate judge."   *Id.* at 489 (quoting *F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)).

USA Waste contends Judge Segal "erroneously found" that this Court's February 2019 Order resetting pretrial and trial dates "precluded her from ordering this discovery." (Mot. at 8.)   The gravamen of USA Waste's Motion is that Judge Segal "fail[ed] to recognize" that USA Waste (1) "sought judicial intervention *before* the September 30, 2014 discovery cutoff, thereby preserving its right to continue the deposition pursuant to Judge Collins' Order" and (2) could not obtain discovery regarding Plaintiff's legal right to work in the United States before (i) "the resolution of summary judgment" and (ii) "confirmation that Plaintiff is electing to pursue future economic damages at trial" pursuant to Judge Gandhi's Order.   (Mot. at 1, 3-4, 8-9.)   USA Waste also challenges Judge Segal's finding that it "was not diligent in seeking this discovery *after* this Court's February 12, 2018 summary judgment order, and that waiting until January 9, 2019 to reengage Plaintiff's counsel was unreasonable."   (Mot. at 10.)

USA Waste fails to demonstrate that Judge Segal's ruling is contrary to law. Judge Segal relied on Federal Rule of Civil Procedure 16(b), which sets forth the good cause standard for modifying a scheduling order, and Local Rule 16-14, which requires that an application to modify a scheduling order "be made to the judicial officer who entered the order."   Judge Segal correctly applied those standards in denying USA Waste's Motion to Compel, concluding that the undersigned judge "expressly denied the opportunity for further discovery in [the] February 2019 order" and that she had no discretion to alter the Court's prior Scheduling Order.   (Order at 11.)

USA Waste nonetheless argues that "there was no need to separately request a modification of [the Scheduling Order]" because "USA Waste sought a continuation of [Plaintiff's] deposition" and had "preserv[ed] its right to continue the deposition pursuant to Judge Collins' Order."   (Mot. at 4 (emphasis omitted).)   But, as Judge Segal noted at the hearing on the Motion to Compel, "it is not reasonable to interpret Judge Collins's order [to mean that] any deposition that's started five days before the discovery cutoff date may be continued for . . . however long parties want to continue it." (Dkt. No. 98-2, Rosenthal Decl. ¶ 14, Ex. K at 10:12-16.)   Judge Segal therefore properly rejected USA Waste's interpretation of Judge Collins's Order.

Nor has USA Waste demonstrated that Judge Segal's ruling is clearly erroneous. The record here is sufficient to support Judge Segal's finding that USA Waste did not act diligently in conducting discovery because fact discovery closed September 2014.   Even if Judge Gandhi conditionally granted USA Waste's Motion to Compel Plaintiff to answer questions regarding his citizenship and potential immigration status,[1] USA Waste did not begin discovery efforts in earnest until approximately one year after the Court resolved the motions for summary judgment.   Although USA Waste contends the entire time was spent pursuing settlement, it was unreasonable for USA Waste to eschew discovery altogether for nearly eleven months based on Judge Gandhi's Order.

The Court also rejects USA Waste's assertion that "the parties had no reason to refer in August 2014 to an order on Joint Rule 26(f) Reports" (Mot. at 9)—i.e., the Court's "Order Setting Scheduling Conference"—upon which Judge Segal relied in part in denying USA Waste's Motion to Compel (Dkt. No. 8).   This is no excuse. Particularly given that the Court ordered the parties "to familiarize themselves with the Local Rules and the Court's standing orders (accessible through the Court's website)" after the case was reassigned to this Court.   (Dkt. No. 28.)   If USA Waste had reviewed the Court's Scheduling Order as instructed, it would know that "all counsel" are "ordered to familiarize themselves with . . . this Court's Order Re: Jury/Court Jury Trial," which warns parties that "[t]he cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, must be completed."   (Order re Jury/Court Trial at 4.)   The Order re Jury/Court Trial further provides that "written discovery must be served, and depositions must begin, sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient."   (*Id.*)

In the remainder of its Motion, USA Waste argues the merits of its discovery

---

[1] The Court expresses no opinion on whether Judge Gandhi's Order granted or conditionally granted the discovery USA Waste seeks.

request, but this does not demonstrate that Magistrate Judge Segal's decision on procedural grounds should be set aside.   USA Waste has failed to demonstrate that Judge Segal's discovery order was clearly erroneous or contrary to law.   USA Waste's Motion for Review is therefore **DENIED**.

## B.   USA Waste Has Not Demonstrated Good Cause to Modify the Scheduling Order.

USA Waste seeks to continue the fact discovery deadline to provide for the continued deposition of Plaintiff regarding his right to work in the United States and his immigration status.   (Mot. at 15-16.)

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified *only* for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4) (emphasis added).   "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).   If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.   *Id.*   If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted."   *Zivkovic v. So. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson,* 975 F.2d at 609).

USA Waste fails to show that it was diligent in seeking to modify the fact discovery cut-off date set by Judge Collins, as its request for leave to amend comes many months after the deadline for making such a request.   Moreover, Plaintiff failed to show good cause for modifying the previously issued scheduling order.

As a factual matter, it was unreasonable for Plaintiff to eschew discovery altogether for approximately eleven months simply because the parties were exploring the *possibility* of settling the case in mediation.   And, as a legal matter, settlement discussions do not, in of themselves, arise to good cause for modifying a scheduling order. *Cf. Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik*, No. CV 07-3528 PSG (FMOx), 2009 WL 4049396, at *3 (C.D. Cal. Nov. 19, 2009) (explaining, in the context of Federal Rule of Civil Procedure 6(b), that "purported reliance on settlement negotiations does not constitute good cause for refusing to participate in discovery" and the prospect of settlement ultimately does not excuse a party from its failure to conduct discovery "on a parallel track").

The Court also notes that USA Waste failed to assist the Court in fashioning the Scheduling Order beginning in January 2019.   The parties submitted a status report proposing different pretrial and trial dates in January 2019.   The Court declined to reopen discovery absent good cause but instructed the parties to meet and confer and submit a revised status report attaching their proposed pretrial and trial dates.   USA

Waste was at least on notice at that time that the Court would not reopen discovery absent any information about the outstanding discovery dispute.   Yet at no point in the amended status report, filed February 2019, did USA Waste alert the Court to circumstances that might necessitate the reopening of discovery.

Accordingly, in light of USA Waste's lack of diligence, the request to amend the Scheduling Order is **DENIED.**

## IV.   CONCLUSION

Judge Segal applied the correct legal standards and her denial of USA's Waste Motion to Compel is neither clearly erroneous nor contrary to law.   USA Waste's Motion for Review is therefore **DENIED**.   USA Waste's request to amend the Scheduling Order is **DENIED**.

**IT IS SO ORDERED.**

**CC: Magistrate Judge Segal**